UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MAGGIE LANE
463 N Humphrey Cir., #1
Shawano, WI 54166

    Plaintiff,

    v.     Case No. 20-cv-779

INTERSTATE MANAGEMENT COMPANY
and HYATT REGENCY MILWAUKEE,
333 W. Kilbourne Ave.
Milwaukee, WI 53203,

    Defendant.

## COMPLAINT

Plaintiff Maggie Lane, by her attorney Sara J. Geenen of The Previant Law Firm, S.C., for her Complaint against Interstate Management Company and Hyatt Regency Milwaukee ("Defendant") alleges:

### INTRODUCTION

1. This is a civil action seeking equitable relief and compensatory and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., brought by Plaintiffs to obtain redress from Defendant's discriminatory practices with respect to a sexual harassment, hostile work environment, retaliation for making complaints

about unlawful employment practices, reduction in hours, discharge, and adversely changing other terms and conditions of employment.

## JURISDICTION

2. Jurisdiction exists under 42 U.S.C. § 2000e-5, and 28 U.S.C. §§ 1331, 1337 and 1343.

3. Plaintiff Maggie Lane has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Exhibit A). She received a probable cause determination from the EEOC in or around September 25, 2019. (Exhibit B). Ms. Lane received a notice of right to sue dated February 24, 2020. (Exhibit C). Copies of these exhibits are attached hereto.

4. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned claims.

5. Venue in this judicial district is proper by virtue of 28 U.S.C. §1391(e) in that many of the alleged acts were committed in the Eastern District of Wisconsin. Plaintiff worked for Defendant in the Eastern District of Wisconsin. Additionally, the Defendant does business in the Eastern District of Wisconsin.

## PARTIES

6. Maggie Lane is an adult female residing at 463 N Humphrey Cir. #1, Shawano, WI 54166.

7. Defendant Interstate Management Company is a third-party hotel management company. It is a Delaware corporation, with its principle office located in Arlington, Virginia.

8. Defendant manages the operations at the Hyatt Regency Milwaukee, located at 333 W Kilbourn Avenue in Milwaukee, Wisconsin.

9. Defendant employed over 100 employees in various departments and positions at the Hyatt Regency Milwaukee hotel.

10. Lane was employed by Defendant as a Shift Lead at a restaurant located within and operated by the Hyatt Regency Milwaukee from approximately June 9, 2017, to January 10, 2018.

## COUNT I – DISCRIMINATION ON THE BASIS OF SEX / SEXUAL HARASSMENT

11. Plaintiff realleges and incorporates by reference the above paragraphs as if they were set forth herein.

12. During her employment with the Defendant, Lane was subjected to sexual harassment that included derogatory comments, gestures, and innuendo based on sex and unwanted physical contact, by a coworker, James Thomas.

13. At that time, it was known among the restaurant employees that Thomas routinely directed similar sex-based derogatory and/or lewd comments and gestures toward, and made unwanted physical contact with, other of Defendants' female employees.

14. Upon information and belief, at least one other female server complained to Defendant about sexual harassment by Thomas.

15. On or around October 16, 2017, Lane verbally reported the harassment to her supervisor, Patrick Wittak.

16. Wittak responded that Lane should "keep an eye out" and to let him know if anything else happens. Wittak did not tell Thomas to stop making the offensive comments and

gestures and did not do anything to remedy the situation or stop the harassing and sex-based conduct.

17. Thomas's harassing comments and behavior towards Lane continued.

18. On November 9, 2017, Lane again worked with Thomas, who harassed Lane throughout her shift. Thomas repeatedly made vulgar gestures, noises, and comments and initiated unwanted physical contact on three occasions.

19. On November 9, 2017, in the middle of her shift, Lane reported the harassment to her supervisor, Wittak, and specifically indicated that Thomas was making her feel uncomfortable with his offensive gestures and also indicated to him that Thomas had touched her inappropriately several times.

20. Wittak responded and indicated that he would talk to Thomas but he did not take any action that would address the harassing conduct for the duration of her shift.

21. Ms. Lane felt as though she was not safe at work and, that same day, texted supervisor Wittak that "due to repeated harassments," she would not be able to work her shift the next day.

22. Wittak told Ms. Lane that he had already talked to Thomas. Lane was still apparently expected to work with and alongside Thomas. However, Wittak told Ms. Lane that she should let him know the next time this happens so he can take care of it right away.

23. Ms. Lane was not satisfied with Defendant's response and on November 14, 2017, emailed an official complaint of sexual harassment to Tom Wengelewski in Human Resources at the hotel.

24. Defendant conducted a cursory and unfair investigation.

4

25. Defendant failed to take remedial action to correct the harassment and prevent future harassment.

26. The harassment unreasonably interfered with Ms. Lane's work performance and ability to work, and created an intimidating, hostile and offensive work environment.

27. The harassment resulted in an adverse employment action when Defendant's actions forced Ms. Lane to take a leave of absence and was ultimately terminated from her employment.

28. The harassment that Ms. Lane endured was severe, physically threatening and humiliating.

29. All harassment after October 16, 2017, was the result of malice or reckless indifference to Ms. Lane's federally protected rights.

30. The harassment and later retaliation caused Ms. Lane physical and emotional distress.

31. The Defendant's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a).

## COUNT II – RETALIATION FOR OPPOSING UNLAWFUL EMPLOYMENT PRACTICE

32. Plaintiff realleges and incorporates by reference the above paragraphs.

33. After Ms. Lane complained of sex-based harassment to Wengelewski and the hotel's General Manager on or around November 14, 2017, highly offensive sex-based rumors proliferated among Defendant's employees and Ms. Lane' coworkers.

34. Ms. Lane contacted Wengelewski to report that employees were making sex-based comments about Lane and spreading sex-based, offensive rumors about her, and expressed

concern for her reputation and that her complaints were being intentionally undermined. She asked that he look into the rumors and comments.

35. The rumors did not slow down or stop and the known misstatements regarding Ms. Lane continued to spread and were never corrected. Ms. Lane does not believe Defendant did anything to address or staunch the rumors.

36. The rumors were severe and humiliating and created a hostile work environment.

37. Defendant's unwillingness to thoroughly investigate the allegations of sexual harassment and its unwillingness to intervene with respect to the rumors was intended to punish her for reporting the harassment. The retaliation caused Ms. Lane physical and emotional distress.

38. Ms. Lane's ability to work safely and without further distress or fear of harassment was compromised.

39. This retaliation cause Ms. Lane to be unable to return to work and/or resulted in Ms. Lane's constructive discharge.

40. By such actions, the Defendant engaged in intentional discrimination against Thompson with malice and reckless indifference to her federally protected rights.

41. The Defendant's Conduct violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e-3(a).

WHEREFORE the Plaintiff respectfully request that this Court:

    a. Enter a judgment that the Defendant violated Title VII of the Civil Rights Act of 1964 as amended;

    b. Enter judgment against the Defendant and in favor of Plaintiff for prospective and retrospective monetary relief;

c. Enter judgment against the Defendant and in favor of Plaintiff for compensatory damages;

d. Enter judgment against the Defendant and in favor of Plaintiff for punitive damages, including punitive damages pursuant to 42 U.S.C. §1981a;

e. Award Plaintiff the cost of this action and reasonable attorneys' fees; and

f. Grant Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues of fact.

Dated this 22nd day of May, 2020.

        s/ Sara J. Geenen
        Sara J. Geenen (Wis. Bar 1052748)
        sjg@previant.com
        The Previant Law Firm, S.C.
        310 W Wisconsin Ave, Suite 100MW
        Milwaukee, WI  53203
        Attorneys for the Plaintiff
        Telephone:  (414) 271-4500
        Facsimile:   (414) 271-6308

        ATTORNEY FOR PLAINTIFF MAGGIE LANE